

JRS/TPW: USAO 2016R00171



FILED _____ ENTERED
LODGED _____ RECEIVED

MAY - 6 2016

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | * | | |
| | * | | |
| v. | * | CRIMINAL NO. | **16-1227TJS** |
| | * | | |
| CALEB ANDREW BAILEY, | * | | |
| | * | | |
| Defendant | * | | |
| | * | | |

\*\*\*\*\*\*

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent ("SA") Daniel Giblin, being duly sworn, state and depose the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have served as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since May 2014.

2.      The following information is the result of your Affiant's personal knowledge of this investigation or has been provided to me by other law enforcement agencies and officers. Based on the facts set forth in this affidavit, there is probable cause to believe that Caleb BAILEY has committed a violation of 18 U.S.C. § 842(a)(3)(A).

### PROBABLE CAUSE

3.      On February 18, 2016, law enforcement responded to the United States Postal Inspection Service ("USPIS") Office in Linthicum Heights, Maryland, to assist with the

recovered ammunition and explosives from a package that ruptured open at the United States Postal Service ("USPS") Capital Beltway Facility in Capital Heights, Maryland.

4.     The package, and its contents, were transported to the USPIS Office in Linthicum Heights and evaluated by your Affiant and an Explosives Enforcement Officer ("EEO"). The package contained 400 rounds of .223 ammunition, 119 rounds of reloaded .50 caliber cartridges with M48A1 incendiary projectiles, and 200 rounds of 14.5mm M183A1 spotting projectiles which contain an explosive charge.

5.     The package was labeled priority mail, with tracking number ending in x075333, and was addressed to Individual A in Wisconsin.

6.     From consulting with the EEO, your Affiant knows that the recovered 14.5mm, M183A1 spotting cartridges contained pyrotechnic and explosive mixtures that are regulated as explosives.  Additionally, the recovered .50 caliber, M48A1 projectiles were re-manufactured onto .50 BMG (12.7x99mm) cartridges. These items contained an explosive mixture that is regulated and the cartridges do not meet the definition of "ammunition" under 27 C.F.R. § 555.11, and therefore are not exempt as small arms ammunition. Persons acquiring or transferring such ammunition must have a license or permit.

7.     Your Affiant confirmed with ATF Industry Operations Investigators ("IOIs"), who regulate the firearm and explosive industries, that neither BAILEY nor Individual A has a Federal Explosives License ("FEL") to manufacture or distribute explosives. However, ATF IOIs did determine that Individual A was the owner of a firearm store in Wisconsin that was a Federal Firearms Licensee ("FFL"). The address of Individual A's firearm store was the intended delivery address of the recovered package.

8.      Law enforcement submitted the box that the recovered explosives were contained in, as well as packaging materials, to the USPIS National Forensic Laboratory for examination relative to the presence of latent prints. Multiple latent fingerprint and palm print samples were recovered from the submitted box. Some of the prints were determined to have matched to an individual without presently known connection to the package.  Many other remaining prints were recovered but not yet identified.

9.      Investigation into the recovered package revealed that on February 17, 2016, the recovered package was one of five total packages that were dropped off to the USPS White Plains Branch in White Plains, Maryland, for shipment to Individual A. The USPS shipping was paid for by a PNC Bank debit card with card number ending in x9848. Records obtained from PNC pursuant to a federal grand jury subpoena show that the debit card was registered to a bank account in BAILEY's name. Additionally, on or about February 19, 2016, BAILEY deposited a $1,950 check into his PNC bank account; the particular check was in BAILEY's name and was from Individual A's firearm store. The check was dated February 16, 2016, the day prior to when the packages were shipped to Individual A.

10.      On or about February 25, 2016, USPS Customer Service received a phone call from BAILEY, who identified himself by a false name (which will be referred to herein as "Individual B"), in reference to the recovered package. BAILEY (using the false name "Individual B") advised that five packages were shipped on the same day; that four of the five were delivered; and that the last package still showed "in transit." BAILEY provided as the USPS tracking number for the missing package the same USPS tracking number on the recovered package. BAILEY advised that the package was sent to Individual A in Wisconsin,

which name and address matched the information on the recovered package. The USPS provided a case number to BAILEY.

11.     On or about March 3, 2016, USPS Customer Service again received a phone call from the same phone number previously used by BAILEY. This time, the caller identified himself as Caleb BAILEY. Having listened to both phone calls, your Affiant believes that the same caller placed both phone calls, even though the caller identified himself in one as "Individual B" and in the other as BAILEY. BAILEY provided the same case number to the USPS Customer Service representative that had been given to him (using the false name "Individual B") in the prior call on or about February 25, 2016. BAILEY stated that "Individual B" called last week and that "Individual B" is an employee of BAILEY's. BAILEY also advised that the package had not been delivered yet.

12.     Records received from Verizon for the particular phone number used to call USPS show that the number is registered to BAILEY. Review of the toll records for this phone, as provided by Verizon, revealed that this particular phone number called Individual A's firearm store twice on January 13, 2016, and once on February 16, 2016 (the day prior to when the packages were shipped).

13.     Investigative resources also indicated that BAILEY used a certain IP address to track the recovered package. Viasat, the internet service provider for that IP address, provided records showing that the certain IP address is leased to BAILEY, with the telephone number on file as the particular telephone number from which BAILEY called USPS.

14.     Law enforcement arranged to meet with BAILEY at a postal facility on the morning of May 5, 2016. BAILEY was unaware of the full scope of the arranged meeting; he

**16-1227 TJS**

was aware only that he had been requested to deliver information regarding the missing package in person.  BAILEY did not appear at the agreed meeting time and place.

15.     On May 5, 2016, law enforcement executed federal search warrants at adjoining properties associated with BAILEY, including his residence.  BAILEY was present during at least part of the searches.  BAILEY made certain admissions to law enforcement, including that he had shipped the recovered package to Individual A.

## CONCLUSION

16.     Based on the above information, your Affiant respectfully submits that probable cause exists to believe that BAILEY committed the above-referenced violation.  Your Affiant therefore respectfully requests a criminal complaint and arrest warrant be issued.

Daniel Giblin
Special Agent, ATF

Sworn to and subscribed before me the _____ day of May, 2016.

Honorable Timothy J. Sullivan
United States Magistrate Judge