**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO. 16-mj-1227-TJS** |
| | * | |
| **CALEB ANDREW BAILEY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S MEMORANDUM OUTLINING FEDERAL FIREARM AND
EXPLOSIVE CRIMINAL AND REGULATORY VIOLATIONS**

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, Jennifer R. Sykes and Thomas P. Windom, Assistant United States Attorneys for said District, respectfully responds to the Court's request for additional information regarding potential charges for the defendant.   In in the interim since the Court's request, on May 18, 2016, a federal grand jury for the District of Maryland has charged the defendant in a four count indictment with: unlawful transfer of explosive materials by a non-licensee, in violation of 18 U.S.C. §§ 842(a)(3) and 844(a)(1); illegal possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).   Count One carries a statutory maximum of 10 years' imprisonment; Count Two carries a statutory maximum of 10 years' imprisonment; Count Three carries not only a statutory maximum of 30 years but also a mandatory minimum of 15 years' imprisonment; and Count Four carries a statutory maximum of 10 years' imprisonment.   The Government submits that the intervening grand jury indictment largely

1

answers the Court's questions regarding potential additional charges.   Nonetheless, the Government below sets forth additional information relevant to the Government's continued request to detain the Defendant pursuant to 18 U.S.C. § 3142.

## I.   NATIONAL FIREARMS ACT AND § 922(O) OF THE GUN CONTROL ACT

### A.   Statutory and Regulatory Background

Federal law generally prohibits the private manufacture and possession of machine guns as well as short-barrel rifles, silencers, and destructive devices.   The National Firearms Act, 26 U.S.C. chapter 53, requires approval from the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") before the manufacture of a machine gun, 26 U.S.C. § 5841, and provides that no application shall be approved if the making or possession of the machine gun "would place the person making the firearm in violation of law," *see* 26 U.S.C. § 5822; 27 C.F.R. § 479.65.   The Gun Control Act, in turn, makes it "unlawful for any person to transfer or possess a machinegun," with exceptions related to federal and state government entities and firearms lawfully possessed before 1986. *See* 18 U.S.C. § 922(o)(1), (2).

Congress enacted the National Firearms Act ("NFA") of 1934 to target "lethal weapons. . . [that] could be used readily and efficiently by criminals or gangsters."   H.R. Rep. No. 83-1337, at 4542 (1954).   Codified at 26 U.S.C. §§ 5801-72, it is a comprehensive taxing scheme that regulates the manufacture, sale, and transfer of specific types of firearms described at 26 U.S.C. § 5845(a):

- Shotguns having a barrel of less than eighteen inches in length
- A weapon made from a shotgun, if such weapon, as modified, has an overall length of less than twenty-six inches, or a barrel of less than eighteen inches
- Rifles having a barrel of less than sixteen inches in length
- A weapon made from a rifle if such weapon, as modified, has an overall length of less than twenty-six inches or a barrel of less than sixteen inches in length
- Machineguns
- Silencers

- Destructive devices and other specifically defined weapons

The Act provides for the creation of a "central registry of all firearms in the United States," in which each firearm manufactured or imported must be registered.   26 U.S.C. § 5841.   Before a machine gun or other firearm may be made, the maker must: (1) file "a written application . . . to make and register the firearm;" (2) pay "any tax payable;" (3) "identif[y] the firearm to be made;" (4) "identif[y] himself in the application form;" and (5) obtain the approval of ATF "to make and register the firearm" with "the application form show[ing] such approval."   *Id.* § 5822.

Congress enacted the Gun Control Act in 1968, following a multi-year inquiry that included "field investigation and public hearings," S. Rep. No. 88-1340, at 1 (1964), during which Congress found "that the ease with which" guns could be acquired by "criminals . . . and others whose possession of such weapons is similarly contrary to the public interest[] is a significant actor in the prevalence of lawlessness and violent crime in the United States," Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, Title IV, § 901(a)(2), 82 Stat. 197, 225. Congress concluded "that there is a widespread traffic in firearms moving in or otherwise affecting interstate or foreign commerce, and that the existing Federal controls over such traffic do not adequately enable the States to control this traffic within their own borders through the exercise of their police power."   *Id.* § 901(a)(1), 82 Stat. at 225.   Congress determined "that only through adequate Federal control over interstate and foreign commerce in these weapons . . . can this grave problem be properly dealt with, and effective State and local regulation of this traffic be made possible."   *Id.* § 901(a)(3), 82 Stat. at 225.

In 1986, Congress enacted amendments "to strengthen the [Gun Control Act] to enhance the ability of law enforcement to fight violent crime and narcotics trafficking,"   H.R. Rep. No. 99-495, at 1, reprinted in 1986 U.S.C.C.A.N. 1327 (1986); *see* Firearms Owners' Protection Act of

1986, Pub. L. No. 99-308, 100 Stat. 449.   Among other changes, Congress added 18 U.S.C.

§ 922(o) to generally prohibit private possession of machine guns.   In so doing, Congress

recognized "the need for more effective protection of law enforcement officers from the

proliferation of machine guns," H.R. Rep. No. 99-495, at 7, 1986 U.S.C.C.A.N. at 1328, 1333

(describing proposed machine gun restrictions as "benefits for law enforcement"); *id.* at 4, 1986

U.S.C.C.A.N. at 1330 (describing machine guns as "used by racketeers and drug traffickers for

intimidation, murder and protection of drugs and the proceeds of crime"); *see also* 132 Cong. Rec.

9,602 (1986) (statement of Sen. Kennedy) ("The only thing that has changed about the

machinegun situation since the 1968 act . . . is that machine guns have become a far more serious

law enforcement problem.").

B.      **Statutory Violations**

The Government believes that probable cause exists to believe that the defendant has

violated the following firearm and explosives statutes:

- 18 U.S.C. § 842(a)(3)(A) provides that "[i]t shall be unlawful for any person other than a licensee or permittee knowingly to transport, ship, cause to be transported, or receive any explosive materials." This offense carries a maximum sentence of 10 years' imprisonment. *See* 18 U.S.C. § 844(a)(1).

- 18 U.S.C. § 922(o) provides that "[i]t shall be unlawful for any person to transfer or possess a machinegun." This offense carries a maximum sentence of 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2).

- Possible charges also include violations under 26 U.S.C. § 5861, which provides that "[i]t shall be unlawful for any person—

  (a)      to engage in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax required by section 5801 for his business or having registered as required by section 5802; or

  (b)      to receive or possess a firearm transferred to him in violation of the provisions of this chapter; or

  (c)      to receive or possess a firearm made in violation of the provisions of this chapter; or

(d)     to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; or

(e)     to transfer a firearm in violation of the provisions of this chapter; or

(f)     to make a firearm in violation of the provisions of this chapter; or

(g)     to obliterate, remove, change, or alter the serial number or other identification of a firearm required by this chapter; or

(h)     to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered; or

(i)     to receive or possess a firearm which is not identified by a serial number as required by this chapter; or

(j)     to transport, deliver, or receive any firearm in interstate commerce which has not been registered as required by this chapter; or

(k)     to receive or possess a firearm which has been imported or brought into the United States in violation of section 5844; or

(l)     to make, or cause the making of, a false entry on any application, return, or record required by this chapter, knowing such entry to be false.

"Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000 or be imprisoned not more than ten years, or both."   26 U.S.C. § 5871.

## II.     CONCLUSION

For the above stated reasons, the Government submits that the Defendant should be detained under 18 U.S.C. § 3142 due the danger he poses to himself and the community at large as well as the flight risk he poses due to the child pornography mandatory minimum sentence.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:                      /s/
Jennifer R. Sykes
Thomas P. Windom
Assistant United States Attorneys

5